NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MING XING CHEN, XIU ZHEN LIU, FONG C. TSAI, XIAO HONG HUANG, HUA YING TAN, WINNIE CHEN, JANE DOE, and JOHN DOE,<br><br>            Plaintiffs,<br><br>            v.<br><br>THE IMPERIAL BUFFET & RESTAURANT INC., MAJESTIC BUFFET INCORPORATED, NEW MAJESTIC INC. d/b/a MAJESTIC RESTAURANT & BUFFET, DAVID SING YUEN YEUNG A/K/A HING K. HO, JACK YEUNG A/K/A JACK LEE OR DUEN LEE, JANE HE A/K/A JANE HO, JOANN LEE OR CHE LEE, SONG BO HUANG A/K/A PAUL HUAN, KI SANG WONG, and TANG HO,<br><br>            Defendants. | Hon. Harold A. Ackerman<br><br>Civil No. 06-3459<br><br>**OPINION & ORDER** |

Michael Shen, Esq.
MICHAEL SHEN & ASSOCIATES, P.C.
225 Broadway, Suite 2515
New York, New York 10007
*Attorneys for Plaintiffs*

Steven Mannion, Esq.
DECOTIIS, FITZPATRICK, COLE & WISLER, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
*Attorneys for Defendants New Majestic, Inc., Ki Sang Wong and Song Bo Huang*

Leslie A. Lajewski, Esq.

COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
PO Box 1917
Morristown, New Jersey 07962
*Attorneys for Defendants The Imperial Buffet & Restaurant, Inc., David Sing Yuen Yeung, Jack Yeung, Jane He, and Joann Yeung*

Donna Dubeth Gardiner, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
PO Box 2075
Morristown, NJ 07962
*Attorneys for Defendant Tang Ho*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on the motion (Docket No. 6) of Defendant New Majestic for summary judgment**.**  For the following reasons, New Majestic's motion for summary judgment is GRANTED.

*Background*

      Plaintiffs Ming Xing Chen, Xiu Zhen Liu, Fong C. Tsai, Xiao Hong Huang, Hua Ying Tan, and Winnie Chen worked as food servers at a restaurant in South Wayne, New Jersey. Defendants The Imperial Buffet & Restaurant, Inc. ("Imperial"), d/b/a Majestic Buffet Inc. ("Majestic"), David Sing Yuen Yeung, Jack Yeung, Jane He, Joann Yeung, and Song Bo Huang employed Plaintiffs until December 29, 2005.  Imperial ceased doing business in that capacity some time in 2006.  A third Defendant, New Majestic, Inc. ("New Majestic"), operated by Ki Sang Wong, was incorporated on August 21, 2006 and commenced business three weeks later in the same location as the above-mentioned restaurant.

On August 2, 2006, Plaintiffs filed this civil action alleging "wage violations, including refusal to pay minimum wages and overtimes wages, right to work fee, improper appropriation of one-third of banquet tips, improper requirement that a penalty be paid for mistakes on the job, deductions for uniform purchase, retaliation and constructive discharge, and for failure to keep proper wage and hour records," pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New Jersey State Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a, *et seq.* (Am. Compl. at ¶ 1.) On December 4, 2006, Plaintiffs filed an Amended Complaint, adding Plaintiff Chen, and Defendants Majestic Buffet Inc., New Majestic, and several individuals. The Amended Complaint does not make any allegations as to New Majestic's liability as a successor. Defendant New Majestic now moves for summary judgment, seeking dismissal of all federal claims against it on the grounds that New Majestic is a distinct corporate entity from the original defendants.

*Analysis*

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); *see also Todaro v. Bowman*, 872 F.2d 43, 46 (3d Cir. 1989); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). In other words, "summary judgment may be granted if the movant shows that there exists no genuine issue of material fact that would

permit a reasonable jury to find for the nonmoving party." *Miller v. Indian Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences are construed in the light most favorable to the non-moving party. *See Peters v. Delaware River Port Auth. of Pa. and N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The substantive law will identify which facts are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Therefore, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

Under New Jersey law, generally, an alleged purchaser is not held liable for the debts of the ostensible predecessor unless the successor is a "mere continuation" of the predecessor. *Lekever v. K.P. Hovnanian Enter., Inc.*, 160 N.J. 307, 310 (1999). "New Jersey, in defining what is a 'mere continuation,' looks to four factors: '(i) continuity of management, personnel, physical location, assets, and general business operations; (ii) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (iii) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (iv) continuity of ownership/shareholders.'" *Koch Materials Co. v. Shore Slurry Seal, Inc.*, 205 F. Supp. 2d 324, 337 (D.N.J. 2002) (quoting *Woodrick v. Jack J. Burke Real Estate*, 306 N.J. Super. 61, 73-74 (App. Div. 1997)).

In its motion for summary judgment, New Majestic argues that "New Majestic did not exist at any time relevant to this action and did not employ Plaintiffs." (Def.'s Br. at 2.) Attached to its motion is its Certificate of Incorporation, filed August 21, 2006. (Wong's Certif., Ex. A.) Plaintiffs do not contest that New Majestic was incorporated on this date. Rather, in their opposition brief, Plaintiffs argue for the first time that "Defendant New Majestic, Inc. is

4

liable as a mere continuation or alter ego of the two prior corporations." (Pls.' Br. at 3.) Plaintiffs continue that "[w]hile the machinations of the defendants shown here are consistent with liability under a successor or alter ego theory, discovery is required to verify, as permitted by Fed. R. Civ. P. 56(f)." (*Id.* at 5.)

Through discovery, Plaintiffs may very well be proven correct. However, Plaintiffs have not pled any allegations in its Amended Complaint supporting its present argument that New Majestic is liable as a successor. Thus, Plaintiffs may not proceed to the discovery stage to support an allegation that does not exist in the pleadings. "[T]he Rules require [ ] 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Absent such an allegation of successor liability, "there is no genuine issue of material fact" because New Majestic did not exist as a matter of law until approximately nine months after the alleged aggrieved employees ceased their employment on December 29, 2005. *Miller,* 843 F.2d at 143; *Commonwealth of Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[T]he legal theories set forth in [Plaintiff's] brief are helpful only to the extent that they find support in the allegations set forth in the complaint. It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal citation omitted).

Federal Rule of Civil Procedure Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (granting leave to amend following a grant of summary judgment).

Plaintiffs have requested leave to amend "[t]o the extent that this Court deems amendment of the Complaint necessary to argue successor or alter ego liability." (Pls.' Br. at 5 n.3.) If Plaintiffs so elect, they must amend within thirty (30) days of this Order. Defendants' motion to stay (Docket No. 29) will not be addressed until after Plaintiffs' time for leave to amend expires.

*Conclusion*

For the foregoing reasons, the motion (Docket No. 6) for summary judgment is GRANTED. Plaintiffs' Amended Complaint against New Majestic is dismissed with leave to amend within thirty (30) days. Defendants' Motions to Dismiss (Docket Nos. 10 & 34) have been withdrawn and are no longer pending before the Court.

SO ORDERED.

Dated: October 23, 2007
Newark, New Jersey

s/ Harold Ackerman
U.S.D.J.