**COUGHLIN DUFFY LLP**
350 Mount Kemble Avenue
P.O. Box 1917
Morristown, New Jersey 07962-1917
Ph.: (973) 267-0058
Fax: (973) 267-6442
llajewski@coughlinduffy.com
sluckner@coughlinduffy.com
msilver@coughlinduffy.com
Attorneys for Defendants
The Imperial Buffet & Restaurant, Inc., Jack Lee,
Joanne Lee, David Ho, and Jane Ho

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MING XIEN CHEN, XIU ZHEN LIU, FONG C. TSAI, XIAO HONG HUANG, HUA YING TAN, WINNIE CHEN, JANE DOE, and JOHN DOE<br><br>Plaintiffs,<br><br>v.<br><br>THE IMPERIAL BUFFET & RESTAURANT, INC., MAJESTIC BUFFET INCORPORATED, NEW MAJESTIC INC., d/b/a MAJESTIC RESTAURANT & BUFFET, DAVID SING YUEN YEUNG A/K/A HING K. HO, JACK YEUNG A/K/A JACK LEE OR DUNG LEE, JANE HE A/K/A JANE HO, JOANN YEUNG A/K/A JOANN LEE OR CHE LEE, SONG BO HUANG a/k/a PAUL HUANG, KI SANG WONG, and TANG HO,<br><br>Defendants. | Civil Action No.: 2:06-cv-3459 (HAA)(ES)<br><br>**(ELECTRONICALLY FILED)** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE IMPERIAL BUFFET & RESTAURANT, INC., JACK LEE, JOANNE LEE, DAVID HO, AND JANE HO'S MOTION TO APPROVE AND ENFORCE EXECUTED SETTLEMENT RELEASES AND TO DISMISS WITH PREJUDICE AS TO PLAINTIFFS WINNIE CHEN AND XIU ZHEN LIU**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................2

STATEMENT OF MATERIAL FACTS .............................................................2

LEGAL ARGUMENT ..........................................................................................5

POINT I
   THE COURT SHOULD APPROVE AND ENFORCE THE
   SETTLEMENT RELEASES IN THIS MATTER AND
   PLAINTIFFS WINNIE CHEN AND XIU ZHEN LIU'S
   CLAIMS SHOULD BE DISMISSED WITH PREJUDUCE............................5

      A. Plaintiffs' Releases Are Presumed Valid………………………………..5

      B. The Fair Labor Standards Act Permits the Settlement of Claims…………….8

CONCLUSION ………………………………………………………………….10

# TABLE OF AUTHORITIES

## FEDERAL CASES

    Page

Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863 (3rd Cir. 1994)………………………………………………………...9

Bracey v. Luray, 161 F.2d 128 (4th Cir. 1947)…………………………………….8

Burke v. Wackenhut Corp., 2007 U.S. Dist. LEXIS 15169, No. 01-CV-06-0050 (M.D.P.A. March 5, 2007)………………………………………………………..8

Cooper v. Borough of Wenonah, 977 F.Supp. 305 (D.N.J. 1997)………………...5

D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)………………………………….8

Dura Elec. Lamp Co. v. Westinghouse Elec. Corp., 249 F.2d 5 (3rd Cir. 1957)…………..6

Jackson v. Marathon Oil Co., 441 F.2d 511 (5th Cir. 1971)……………………….6

Jarrard v. Southeastern Shipbuilding Co., 163 F.2d 960 (5th Cir. 1947)………….8

Lawton v. CVS Pharmacy, 2007 U.S. Dist. LEXIS, No. 22796 (D.N.J. March 28, 2007) …..5,6

Manning v. New York University, 2001 U.S. Dist. LEXIS, No. 98 Civ. 3300 (S.D.N.Y. Aug. 22, 2001)……………………………………………………….8

Sampaio v. Boulder Rock Creek Developers, Inc., 2007 U.S. Dist. LEXIS 66013 (D.N.J. Sept. 6, 2007)……………………………………………………………..8

Scarborough v. Eubanks, 747 F.2d 871 (3rd Cir. 1984)……………………………9

Three Rivers Motors Co. v. The Ford Motor Co., 522 F.2d 885 (3rd Cir. 1975)………..5

Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12 (1st Cir. 1947)……...8

Van Houten Serv., Inc. v. Shell Oil Co., 417 F.Supp. 523 (D.N.J. 1975)………...6

Vargas v. Calabrese, 714 F.Supp. 714 (D.N.J. 1989)……………………………..5

Virginia Impressions Products Co. v. SCM Corp., 448 F.2d 262 (4th Cir. 1971)………..6

## STATE CASES

Bilotto v. Accurate Forming Corp., 39 N.J. 184 (App. Div. 1963)...................................5

Bistricer v. Bistricer, 231 N.J. Super. 143 (Ch. Div. 1987)...........................................6

Department of Public Advocate v. N.J. Board of Public Utilities, 206 N.J. Super. 523 (App. Div. 1985).................................................................................................6

Kearney v. National Grain Yeast Corp., 126 N.J.L. 307 (Ct. Err. & App. 1941)..................6

Peter W. Kero, Inc. v. Terminal Constr. Corp., 6 N.J. 361 (1951)...................................6

Pascarella v. Bruck, 190 N.J. Super. 118 (App. Div. 1983)............................................6

## FEDERAL RULES

Fed. R. Civ. Pro. 41(b)..............................................................................................9

## PRELIMINARY STATEMENT

Plaintiffs Winnie Chen and Xiu Zhen Liu have negotiated a settlement of their claims in this matter with Defendants The Imperial Buffet & Restaurant, Inc., Jack Lee (misidentified in Plaintiffs' Amended Complaint as "Jack Yeung a/k/a Jack Lee or Duen Lee"), Joanne Lee (misidentified in Plaintiffs' Amended Complaint as "Joann Yeung a/k/a Joann Lee or Che Lee"), David Ho (misidentified in Plaintiffs' Amended Complaint as "David Sing Yuen Yeung a/k/a Hing K. Ho"), and Jane Ho (misidentified in Plaintiffs' Amended Complaint as "Jane He a/k/a Jane Ho") (collectively hereinafter "Imperial Buffet Defendants"). Plaintiffs Chen and Liu have executed valid and legally enforceable settlement releases. Despite the fact that Plaintiffs' counsel, Michael Shen, Esq. is aware of, and in possession of these settlement releases, he has refused to execute Stipulations of Dismissal as to Plaintiffs Chen and Liu. Therefore, the Imperial Buffet Defendants now come before this Court seeking an Order approving and enforcing the settlement releases and dismissing Plaintiffs' Amended Complaint with prejudice as to Plaintiffs Chen and Liu.

## STATEMENT OF FACTS

Plaintiffs in this matter are former employees of the Imperial Buffet & Restaurant, Inc. Defendant Jack Lee is a former shareholder of The Imperial Buffet & Restaurant, Inc. Defendants Joanne Lee, David Ho and Jane Ho are individuals who worked at The Imperial Buffet & Restaurant in various capacities during the relevant time period. On December 4, 2006, Plaintiffs filed an Amended Complaint against the Imperial Buffet Defendants alleging wage and hour violations. (**See Declaration of Mark K. Silver, Esq., Exhibit A, Complaint.**[1])

---

[1] All exhibit references contained herein are to exhibits attached to the Declaration of Mark K. Silver, Esq. submitted herewith.

On June 12, 2007, counsel for the Imperial Buffet Defendants forwarded to plaintiffs' counsel, Michael Shen, Esq., via e-mail, a copy of a "Release and Covenant Not To Sue" dated April 10, 2007, and executed by plaintiff Winnie Chen (hereinafter "Chen Release"). (**Exhibit B, Chen Release and transmittal e-mail**). The Chen Release documents an agreement made between plaintiff Chen and all defendants, outside the presence of counsel, to settle this matter for the sum of $10,000. **Id**. The Chen Release was notarized by Renrong Pan, Esq. **Id**. In light of this settlement release, the Imperial Buffet Defendants requested that Mr. Shen execute a stipulation of dismissal as to plaintiff Chen. **Id**. Mr. Shen refused and requested time to investigate the validity of the document.

On July 24, 2007, the parties appeared before The Honorable Esther Salas, U.S.M.J. for a Rule 16 conference. At that time the Imperial Buffet Defendants requested the Court's permission to file a Motion to Dismiss as to plaintiff Chen. Mr. Shen asked the Court for additional time to investigate the origin and validity of the Chen Release. The Court granted Mr. Shen's request. Additionally, by way of a July 24, 2007, Pre-Trial Scheduling Order the Court issued the following discovery deadlines:

- All interrogatories to be served by August 15, 2007.
- All discovery responses to be served by September 14, 2007.

(**Exhibit C, July 24, 2007 Pre-Trial Scheduling Order**).

To date, Plaintiff Chen has not participated in discovery and the Imperial Buffet Defendants deem Plaintiff Liu's responses to be deficient.[2]

On October 1, 2007, counsel for the Imperial Buffet Defendants forwarded to Mr. Shen, via e-mail, a copy of a "Release & Covenant Not to Sue" dated September 30, 2007 that was

---

[2] Those deficiencies are the subject of a motion that is scheduled to be submitted to Judge Salas on December 28, 2007.

executed by plaintiff Xiu Zhen Liu (hereinafter "Liu Release").  (**Exhibit D, Liu Release and transmittal e-mail**).  The Liu Release documents an agreement made between plaintiff Liu and all defendants, outside the presence of counsel, to settle the matter for the sum of $8,000. **Id**.  The Liu Release was notarized by B. Richard Giordano. **Id**.  In light of this Release, Mr. Shen was requested to execute a stipulation of dismissal for plaintiff Liu. **Id**.  Mr. Shen once again refused this request.

On October 24, 2007, the parties appeared before The Honorable Esther Salas, U.S.M.J. for a Case Management Conference.  At that time the Imperial Buffet Defendants renewed their request for permission to file a Motion to Dismiss as to both plaintiffs Chen and Liu.  At that conference Mr. Shen made many inflammatory remarks about the validity of the releases and about the Imperial Buffet Defendants both on and off the record. (**Exhibit E, Transcript of October 24, 2007 Hearing, pgs. 31- 34 and 40 – 43**).  Mr. Shen then asked the Court for an additional two weeks to investigate the circumstances behind the releases. **Id.** He was ordered to inform all defendants whether he would provide the requested stipulations of dismissal or require the defendants to file a Motion to Dismiss by November 7, 2007. **Id.**

On November 8, 2007, the undersigned counsel sent an e-mail to Mr. Shen asking him for his position on the Motion to Dismiss. (**Exhibit F, Series of November 8, 2007, emails**).  Mr. Shen responded by requesting yet another extension. **Id.**.  When that request was denied, Mr. Shen responded by stating that he was not in communication with his clients and would be seeking leave to withdraw as counsel. **Id.** This was the first time that Mr. Shen ever informed the Court or any of the parties that he had not been in communication with his clients.

Pursuant to permission granted by Judge Salas during the October 24, 2007 conference, the Imperial Buffet Defendants file the instant application.

## LEGAL ARGUMENT

I. **THE COURT SHOULD APPROVE AND ENFORCE THE SETTLEMENT RELEASES IN THIS MATTER AND PLAINTIFFS WINNIE CHEN AND XIU ZHEN LIU'S CLAIMS SHOULD BE DISMISSED WITH PREJUDUCE.**

A. **Plaintiffs' Releases Are Presumed Valid.**

The Imperial Buffet Defendants have presented Plaintiffs' counsel with executed releases from Plaintiffs Winnie Chen and Xiu Zhen Liu that document their agreements to settle and release their claims in this matter. Agreements between parties to a lawsuit are deemed contracts. See Lawton v. CVS Pharmacy, 2007 U.S. Dist. LEXIS 22796, No. 06-3406 at *4 (D.N.J. March 28, 2007). When analyzing the terms of a such a contract, the Third Circuit has held that District Courts shall look to state law when analyzing their construction. Three Rivers Motors Co. v. The Ford Motor Co., 522 F.2d 885, 890 (3rd Cir. 1975). See also Cooper v. Borough of Wenonah, 977 F. Supp. 305, 311 (D.N.J. 1997)(quoting Vargas v. Calabrese, 714 F. Supp. 714, 719 (D.N.J. 1989) and finding that, "'In construing matters of state law in pendent claims or in state law matters otherwise subsidiary to its federal question jurisdiction, a federal court exercising federal question jurisdiction, like a federal court sitting diversity, is duty-bound to apply the law of the state in which it sits.'").

Under New Jersey law, a settlement agreement is presumed valid and shall only be set aside if it is achieved through "coercion, deception, fraud, undue pressure, or unseemly conduct, or if one party was not competent to voluntarily consent thereto." Lawton, 2007 U.S. Dist. LEXIS 22796, No. 06-3406, at *4. Moreover a general release, not restricted by its terms to particular claims or demands, ordinarily covers all claims and demands due at the time of execution. Bilotti v. Accurate Forming Corp., 39 N.J. 184, 204, 188 A.2d 24 (App. Div. 1963);

see also Virginia Impression Products Co. v. SCM Corp., 448 F.2d 262 (4th Cir. 1971), cert. denied, 405 U.S. 936, 30 L. Ed. 2d 811, 92 S. Ct. 945 (1972); Jackson v. Marathon Oil Co., 441 F.2d 511, 512 (5th Cir. 1971); Dura Elec. Lamp Co. v. Westinghouse Elec. Corp., 249 F.2d 5, 6-7 (3rd Cir. 1957). "[W]here a party affixes [their] signature to a written instrument, such as a release, a conclusive presumption arises that he or she read, understood and assented to its terms and will not be heard to complain that the effect of the act of signing was not comprehended." Van Houten Serv., Inc. v. Shell Oil Co., 417 F.Supp. 523, 527 (D.N.J. 1975) (citing to Peter W. Kero, Inc. v. Terminal Constr. Corp., 6 N.J. 361, 368, 78 A.2d 814 (1951)); Kearney v. National Grain Yeast Corp., 126 N.J.L. 307, 19 A.2d 19, 21 (Ct. Err. & App. 1941).

New Jersey has a strong public policy in favor of settlements. Bistricer v. Bistricer, 231 N.J. Super. 143, 555 A.2d 45, 47 (Ch. Div. 1987) (citing Pascarella v. Bruck, 190 N.J. Super. 118, 462 A.2d 186 (App. Div. 1983), cert. denied, 94 N.J. 600, 468 A.2d 233 (N.J. 1983)) (other citations omitted). Courts will thus "strain to give effect to the terms of a settlement wherever possible." Lawton, 2007 U.S. Dist. LEXIS 22796 at *4 (quoting Bistricer v. Bistricer, 231 N.J. Super. 143, 147 (Ch. Div. 1987)); see also Department of Public Advocate v. N.J. Board of Public Utilities, 206 N.J. Super. 523, 528 (App. Div. 1985).

At the outset, it must be noted that to the Imperial Buffet Defendants' knowledge, Plaintiffs Chen and Liu have never challenged the validity of the releases. Over the past six months, Mr. Shen has on several occasions questioned the validity of the releases intimating that they may have been coerced. **See Exhibit E at pgs. 31- 34 and 40 – 43**. Whenever Mr. Shen has been asked to produce admissible evidence in support of those accusations, however, he has failed to do so. In light of Mr. Shen's most recent representation that he has been unable to

6

communicate with his clients and that he intends to seek leave to withdraw as their counsel, it appears that he still cannot support these allegations. **See Exhibit F**.

Here, as is their right, the parties chose to negotiate a settlement of their claims outside the presence of counsel. As to Plaintiff Chen, on April 10, 2007, she signed an agreement to release any and all claims against each and every Imperial Buffet Defendant. **See Exhibit B.** Paragraph 1 of the release describes the claims and issues being released which include:

> …Any and all claims pertaining to my claims to lost work hours, lost seniority, and other claims of any type, nature or description, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever which I now have or which may hereinafter accrue….

The release specifically references this case by docket number. **See Exhibit B, ¶ 1.** The release is properly executed and the execution was witnessed and notarized by an attorney. In consideration for the execution of this release, Plaintiff Chen was paid the sum of $10,000. In sum, this is a standard release and a valid contract that should be fully enforced.

As to Plaintiff Liu, on September 30, 2007, she executed an almost identical release to the one executed by Plaintiff Chen. The release specifically identifies the claims at issue in this case. **See Exhibit D, ¶ 1.** The release was properly executed. The execution was duly notarized by B. Richard Giordano. Furthermore, Plaintiff Liu's release contains the following additional language: "I voluntarily sign this settlement without any pressure from anybody. I choose not to have my attorney present when I sign this settlement." **See Exhibit D.** In consideration for the execution of this release, Plaintiff Liu was paid the sum of $8,000. In the absence of any credible evidence opposing the validity of the two releases, both releases should be enforced and Plaintiffs Chen and Liu's claims should be dismissed with prejudice.

**B.     The Fair Labor Standards Act Permits the Settlement of Claims.**

Under the Fair Labor Standards Act ("FLSA"), employees are permitted to waive claims in two circumstances: "(1) where the settlement is supervised by the Secretary of Labor," or (2) "in cases of judicially-approved stipulated settlements." Sampaio v. Boulder Rock Creek Developers, Inc., 2007 U.S. Dist. LEXIS 66013 No. CV-07-0153, at *1-2 (D.N.J. Sept. 6, 2007). While the former circumstance is a statutory creation, the latter circumstance has its genesis in case law, beginning with the Supreme Court's decision in D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S. Ct. 925, 90 L. Ed. 1114 (1946). See Manning v. New York University, 2001 U.S. Dist. LEXIS, No. 98 Civ. 3300, at *36 (S.D.N.Y. Aug. 22, 2001) (finding that the judicially supervised settlement exception was born out of D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

Since the Court's decision in D.A. Schulte, a number of circuit courts have held that judicially supervised settlements are a valid method of terminating FLSA claims. See Manning, 2001 U.S. Dist. LEXIS 12697, at *37-38 (citing Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947)), Jarrard v. Southeastern Shipbuilding Co., 163 F.2d 960, 961 (5th Cir. 1947) and Bracey v. Luray, 161 F.2d 128 (4th Cir. 1947)).  Recent decisions have continued to recognize this tenant. See Manning, 2001 U.S. Dist. LEXIS 12697, at *39 (citing cases from both federal and state courts); see also Burke v. Wackenhut Corp., 2007 U.S. Dist. LEXIS 15169, No. 01-CV-06-0050 at *7-8 (M.D.P.A. March 5, 2007)(noting that the Third Circuit has indicated in dicta that wage and hour disputes may be resolved via private settlements.). Accordingly, "it is well-settled that an employee may waive a FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement." Sampaio, 2007 U.S. Dist. LEXIS, No. CV-07-153 at *3.

8

In light of the fact that the Imperial Buffet Defendants are in possession of valid executed releases which duly reference the consideration that was provided, in the absence of any opposition from Plaintiffs Chen or Liu, there is no impediment to the Court approving the settlements and dismissing Plaintiffs Chen and Liu's claims with prejudice.

## II. PLAINTIFFS CLAIMS SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE.

Even if the Court were not inclined to approve the settlement, Rule 41(b) of the Federal Rules of Civil Procedure provides for the involuntary dismissal of claims if a plaintiff fails to prosecute his/her claim. See Fed. R. Civ. Pro. 41(b). When evaluating a motion to dismiss for failure to prosecute, courts balance six relevant factors. See Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873 (3rd Cir. 1994). Those factors are: 1) "the extent of the party's personal responsibility;" 2) "the prejudice to the adversary caused by a failure to meet scheduling orders and respond to discovery;" 3) a history of dilatoriness;" 4) whether the conduct of the party or the attorney was willful or in bad faith;" 5) "the effectiveness of sanction other than dismissal, which entails an analysis of alternative sanctions;" and 6) "the meritoriousness of the claim or defense." Id.; see also Scarborough v. Eubanks, 747 F.2d 871, 875 (3rd Cir. 1984)(discussing the six relevant factors applied to the review of motions for dismissal pursuant to Rule 41(b)).

In the instant matter, Plaintiff Chen has not participated in discovery and Plaintiff Liu's responses are wholly deficient. Further, as stated above, Mr. Shen has represented to the Court that he is not in communication with either Chen or Liu. The length of time for which he has been out of contact with his clients is unknown. This lack of effort by both Chen and Liu is presumably due to the fact that both Chen and Liu have executed valid releases of their claims

against the Imperial Buffet Defendants. Nonetheless, it is clear that the failure to prosecute is largely due to both Chen and Liu's lack of interest in prosecuting this matter.

Moreover, it is undeniable that keeping Plaintiffs Chen and Liu as parties to this matter would prejudice Defendants as it would cause Defendants to incur greater legal fees while it continues to participate in discovery against two parties who are unwillingly in the case. It is apparent that they will not be prosecuting this matter any further given their total failure to communicate with their counsel. Accordingly, Plaintiffs Chen and Liu's claims against Defendants should be dismissed for lack of prosecution.

## CONCLUSION

For the foregoing reasons, the Imperial Buffet Defendants respectfully request that this Court approve and enforce the settlement agreement between the parties and dismiss Plaintiffs Chen and Liu's claims with prejudice.

COUGHLIN DUFFY LLP

Dated: November 16, 2007    By:    /s/ Mark K. Silver

                Mark K. Silver
                COUGHLIN DUFFY LLP
                Attorneys for Defendants
                The Imperial Buffet & Restaurant, Inc., Jack Lee, Joann Lee, David Ho, and Jane Ho