NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

MING XING CHEN, XIU ZHEN LIU, )
FONG C. TSAI, XIAO HONG HUANG, )
HUA YING TAN, WINNIE CHEN, )
JANE DOE, and JOHN DOE )
                                               )     Hon. Harold A. Ackerman
        Plaintiffs, )
                                               )     Civil No. 06-3459
        v. )
                                               )     **OPINION & ORDER**
THE IMPERIAL BUFFET & )
RESTAURANT INC., MAJESTIC )
BUFFET INCORPORATED, NEW )
MAJESTIC INC. d/b/a MAJESTIC )
RESTAURANT & BUFFET, )
DAVID SING YUEN YEUNG A/K/A )
HING K. HO, JACK YEUNG A/K/A )
JACK LEE OR DUEN LEE, JANE HE )
A/K/A JANE HO, JOANN LEE OR )
CHE LEE, SONG BO HUANG A/K/A )
PAUL HUAN, KI SANG )
WONG, and TANG HO )
                                               )
        Defendants. )
_____)

Michael Shen, Esq.
MICHAEL SHEN & ASSOCIATES, P.C.
225 Broadway, Suite 2515
New York, New York 10007
*Attorney for Plaintiffs*

Steven Mannion, Esq.
DECOTIIS, FITZPATRICK, COLE & WISLER, LLP
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
*Attorneys for Defendants New Majestic, Inc., Ki Sang Wong and Song Bo Huang*

Leslie A. Lajewski, Esq.

COUGHLIN DUFFY LLP
350 Mount Kemble Avenue
PO Box 1917
Morristown, New Jersey 07962
*Attorneys for Defendants The Imperial Buffet & Restaurant, Inc., David Sing Yuen Yeung, Jack Yeung, Jane He, and Joann Yeung*

Donna Dubeth Gardiner, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
PO Box 2075
Morristown, New Jersey 07962
*Attorneys for Defendant Tang Ho*

**<u>ACKERMAN</u>, Senior District Judge:**

This matter comes before the Court on the joint motion (Doc. Nos. 53, 57) by Defendants to enforce settlement against Plaintiffs Winnie Chen and Xiu Zhen Liu. For the following reasons, Defendants' motions to enforce settlement will be granted. All claims of Chen and Liu shall be dismissed.

*Background*

Plaintiffs Ming Xing Chen, Xiu Zhen Liu, Fong C. Tsai, Xiao Hong Huang, Hua Ying Tan, and Winnie Chen worked as food servers at a restaurant in South Wayne, New Jersey. Defendants The Imperial Buffet & Restaurant, Inc. ("Imperial"), d/b/a Majestic Buffet Inc. ("Majestic"), David Sing Yuen Yeung, Jack Yeung, Jane He, Joann Yeung, and Song Bo Huang employed Plaintiffs until December 29, 2005. Imperial ceased doing business in that capacity some time in 2006. A third Defendant, New Majestic, Inc. ("New Majestic"), operated by Ki Sang Wong, was incorporated on August 21, 2006 and commenced business three weeks later in

2

the same location as the above-mentioned restaurant.  On December 4, 2006, Plaintiffs filed an Amended Complaint, adding Plaintiff Chen, and Defendants Majestic, New Majestic, and several individuals.

On November 20, 2007, Plaintiffs filed a Second Amended Complaint alleging "wage violations" pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the New Jersey State Wage and Hour Law, N.J. Stat. Ann. §§ 34:11-56a, *et seq.*  (Second Am. Compl. at ¶ 1.)  Earlier in the year, on April 10, 2007, Defendants allege that Winnie Chen agreed to a settlement of her claims with Defendants in return for $10,000.  On September 30, 2007, Defendants allege that Xiu Zhen Liu agreed to a virtually identical settlement agreement in exchange for $8,000.  Chen's and Liu's counsel, Michael Shen, was not present at these settlement conferences, and has declined to stipulate to a dismissal of Chen's and Liu's claims.  Rather, Shen contends that he has been unable to reach Chen and Liu for several months and is thus uncomfortable dismissing their claims without their consent.  Shen is currently pursuing a separate motion before Magistrate Judge Salas to withdraw as counsel.  Defendants now seek to enforce their alleged settlement with Chen and Liu.

*Analysis*

State law governs the enforcement of settlement agreements in federal court.  *Moss v. McDonald's Corp.*, No. 03-5000, 2006 WL 680985, at *4 (D.N.J. Mar. 13, 2006) (internal quotation omitted).  "A settlement agreement between parties to a lawsuit is a contract." *Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990).  If a settlement agreement is reached through "coercion, deception, fraud, undue pressure, or unseemly conduct, or if one party was not competent to

3

voluntarily consent thereto, it must be set aside." *Lawton v. CVS Pharm.*, No. 06-3406, 2007 WL 980451, at *2 (D.N.J. Mar. 28, 2007).  However, "where a party affixes his signature to a written instrument, such as a release, a conclusive presumption arises that he or she read, understood and assented to its terms and will not be heard to complain that the effect of the act of signing was not comprehended." *Van Houten Serv., Inc. v. Shell Oil Co.*, 417 F. Supp. 523, 527 (D.N.J. 1975) (citing *Peter W. Kero, Inc. v. Terminal Constr. Corp.*, 6 N.J. 361, 368 (1951)).

In New Jersey, "[s]ettlement of litigation ranks high in our public policy." *Jannarone v. W.T. Co.*, 65 N.J. Super. 472, 476 (App. Div. 1961), *cert. denied*, 35 N.J. 61 (1961).  Courts should "strain to give effect to the terms of a settlement wherever possible." *Dep't of Pub. Advocate v. N.J. Bd. of Pub. Utilities*, 206 N.J. Super. 523, 528 (App. Div. 1985).  "[W]hether a settlement agreement was ever formed . . . places the burden on the party seeking a finding that a settlement agreement was formed." *JM Agency, Inc. v. NAS Fin. Serv., Inc.*, No. 1541-05, 2007 WL 2215393, at *2 (N.J. App. Div. Aug. 3, 2007).  When an underlying claim lies in the FLSA, employees are not permitted to waive their claim unless "the settlement is supervised by the Secretary of Labor, [or] (2) in cases of judicially-approved stipulated settlements." *Sampaio v. Boulder Rock Creek Dev., Inc.*, No. 07-153, 2007 U.S. Dist. LEXIS 66013, at *2 (D.N.J. Sept. 6, 2007).

In the instant matter, the Court finds that Defendants have carried their burden to demonstrate the existence of a valid, executed settlement agreement with Chen and Liu. Defendants present copies of Chen's and Liu's express agreement "to release and give up any and all claims and rights which I may have against you."  (Silver Decl., Ex. B at § 1.)  In return, Chen and Liu each agreed to receive cash in a stated sum.  Both parties affixed their notarized

signatures on copies typed in English and Chinese, their native language, and in the presence of a registered witness-notarizer.  Thus, the Court exercises a presumptive conclusion that Chen and Liu assented to the terms of the agreement.

Chen and Liu, by counsel, have been given the opportunity to produce evidence of any alleged fraud or coercion, but have failed to present any evidence in that regard.  After reviewing Defendants' motion, which details the settlement reached by the parties, the Court finds that the settlement agreed to in this action is enforceable.  Accordingly, the settlement is judicially approved, and the Court will grant Defendants' motion to enforce settlement.  Chen's and Liu's claims in the Second Amended Complaint against Defendants will be dismissed.

### *Conclusion & Order*

For the foregoing reasons, the motions (Doc. Nos. 53, 57) for enforcement of settlement are GRANTED.  Plaintiffs Chen's and Liu's claims in the Second Amended Complaint are hereby DISMISSED.  The claims by Plaintiffs Ming Xien Chen, Fong C. Tsai, Xiao Hong Huang, and Hua Ying Tan in the Second Amended Complaint remain pending.

SO ORDERED.

Dated: April 14, 2008
Newark, New Jersey

s/ Harold Ackerman
U.S.D.J.